THE PEOPLE *v.* GARCÍA.

APPEAL from the District Court of Mayagüez.

No. 20.—Decided October 26, 1906.

APPEAL—EMBEZZLEMENT—MATERIAL ELEMENTS—INFORMATION.—The material elements of the crime of embezzlement consist in the fiduciary relation arising from the act of entrusting one's property to another person, even though it be only momentarily, and the fraudulent appropriation of the same by the person to whom it is entrusted; and where these facts are not shown by information to have existed, the information will be considered insufficient, and the defendant must be discharged on appeal.

ID.—In the case at bar the defendant was charged with having acquired from a merchant · a quantity of drilling, stating that he would buy the same, and asked to be permitted to take it to his house to see whether it suited and offering, in case he should buy it, to pay the value thereof immediately, otherwise to return the same without delay; and that the defendant neither returned the drilling nor paid the price thereof. *Held,* That this does not constitute the crime of embezzlement.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

Mr. JUSTICE FIGUERAS delivered the opinion of the court.

This cause originated in the Municipal Court of Añasco, and upon the appeal taken by the defendant from the judgment of conviction, it came before the District Court of Mayagüez, upon the following complaint, where a new trial was held:

"The honorable, the judge of the municipal court.—Sir: The undersigned, Matias Moya, a peddler in this town, appears before you and files a complaint against Juan Bautista García Ríos, residing on Los Angeles street, charging him with the crime of embezzlement. The act is the following: Some days ago, about the month of July last, while declarant was selling a piece of drilling to Bernabé Pérez, the accused, García, came and said he would buy it, and asked to be permitted to take it to his house to see whether it suited him, offering, if he purchased it, to pay at once the value thereof, $1.75, or otherwise to return the drilling referred to immediately; that notwithstanding the time which has elapsed and the efforts made by the declarant García has neither returned the drilling nor paid the value thereof, which leads declarant to suppose that he has used it for his own benefit contrary to the agreement entered into when it was given to him. The drilling referred to consisted of a piece 7 yards long, valued at 25 cents a yard, of an unbleached color, which facts are known to Bernabé Pérez, Guillermo Irizarri and Andrés Cortes. That declarant files this charge within the term granted by the municipal court in its order of the 9th instant sustaining a demurrer filed by the defendant. Añasco, August 11, 1905. Respectfully—Matias Moya. Witness: Juan Chapel.

"Sworn to before me, the secretary of the municipal court, this eleventh day of August, 1905.—Higino Hernández Vargas."

The District Court of Mayagüez, after having heard the evidence and the pleadings of the parties, rendered judgment on March 8, 1906, sentencing the defendant to imprisonment for one month and to pay the costs.

From this judgment an appeal was taken to this Supreme Court.

The record does not contain a bill of exceptions or a statement of facts nor has any written brief been filed; but at the hearing the defendant appeared by Attorney Manuel F. Rossy, and orally contested the complaint on the ground that the acts therein described did not constitute the crime of embezzlement.

The *fiscal* of this court is of the opinion that the judgment appealed from should be affirmed with the costs.

Now then, a careful examination of the complaint charging the crime of embezzlement defined in section 455 of the Penal Code, shows that said complaint does not set forth the essential circumstances which constitute such crime, that is to say, that the complainant entrusted property to a person in whom he had confidence, even though temporarily, and that said person fraudulently appropriated the property received to his own use.

The Supreme Court of California so holding in the case of *The People* v. *Gordon,* 133, Cal., 328, says:

"The essential elements of the crime of embezzlement are the fiduciary relation which arises from the act of one person entrusting his property to another and the fraudulent appropriation thereof by the latter."

The facts of the complaint under consideration do not show this. Consequently there is a defect present which appears on the face of the record and which prejudices the material rights of the appellant, and we are authorized under the law to reverse in such cases judgments coming before this Supreme Court on appeal.

For this reason we recommend the reversal of the judgment

appealed from, rendered by the District Court of Mayagüez on March 8, 1906, and that the defendant, Juan Bautista García, be acquitted with the costs against The People.

*Accordingly decided.*

Chief Justice Quiñones and Justices Hernández and Wolf concurred.

Mr. Justice MacLeary did not take part in the decision of this case.